IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 11-cv-02917-BNB


RONALD J. NAGIM,

      Plaintiff,

v.

MICHAEL DOUGLAS,

      Defendant.

---

ORDER OF DISMISSAL AND
TO SHOW CAUSE

---

Plaintiff, Ronald J. Nagim, currently resides in Aurora, Colorado.  Mr. Nagim,

acting *pro se*, initiated this action by filing a Complaint and a Motion and Affidavit for

Leave to Proceed Pursuant to 28 U.S.C. § 1915.  On November 18, 2011, Mr. Nagim

was granted leave to proceed pursuant to 28 U.S.C. § 1915.  Pursuant to

§ 1915(e)(2)(B)(i), the Court must dismiss the action at any time if the claims asserted

are frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of

a legal interest that clearly does not exist or asserts facts that do not support an

arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe Mr. Nagim's Complaint liberally because he is a *pro se*

litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991).  However, the Court does not act as a *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.

Mr. Nagim alleges that Defendant sent electronic messages to him that contain "calumny, defamatory, and slanderous accusations."  Mr. Nagim further asserts that Defendant is opposing counsel in a case Mr. Nagim filed against Defendant's client in this Court and that Defendant is making accusations against Mr. Nagim to "subdue [him] and destroy a relevant Civil Action within the 10th Circuit Court of Appeals in Denver, Colorado."  Compl. at 3.  Mr. Nagim also contends that the messages were sent to him and to two other attorneys and were "published" through his Gmail account.  Compl. at 4.

Mr. Nagim is not a stranger to this Court.  Since May 2008, he has filed nine actions, including this case.  *See Nagim, et al., v. Internal Revenue Serv.*, No. 11-cv-03405-BNB (Filed Dec. 30, 2011); *Nagim v. Suncor Energy Corp.*, No. 11-cv-03363-BNB (Filed Dec. 23, 2011);  *Nagim v. Fields, et al.*, No. 11-cv-01069-LTB (D. Colo. July 7, 2011) (voluntary dismissal by plaintiff after court entered show cause order why plaintiff should not be sanctioned for filing repetitious actions; raised same claims against same defendants as in Case Nos. 10-cv-01925-REB-KLM, 10-cv-00328-PAB-KLM, and 08-cv-01115-ZLW regarding issue that took place in Louisiana); *Nagim v. Napolitano, et al.*, No. 10-cv-00329-PAB-KLM (D. Colo. Mar. 15, 2011) (dismissed for failure to state a claim regarding issues that took placed in Louisiana), *appeal dismissed*, No. 11-1141 (Oct. 11, 2011) (voluntary dismissal); *Nagim v. Equifax Information Servs., LLC*, No. 09-cv-02428-PAB-KLM (D. Colo. May 13) (dismissed on summary judgment regarding credit reports), *aff'd*, No. 11-1233 (Nov. 3, 2011); *Nagim,*

2

*et al. v. Irving, et al.,* No. 10-cv-01925-REB-KLM (D. Colo. Nov. 22, 2010) (dismissed for

lack of personal jurisdiction and subject matter jurisdiction regarding defendants who

live and actions that took place in Louisiana), *aff'd* No. 10-1531 (June 28, 2011); *Nagim*

*v. Jackson, et al.*, No. 10-cv-00328-PAB-KLM (D. Colo. Oct. 27, 2010) (dismissed for

improper venue); *Nagim v. State of Louisiana, et al.*, No. 08-cv-01115-ZLW (D. Colo.

June 9, 2008) (dismissed for improper venue).   In two other cases, defendants removed

actions from the Arapahoe County District Court to this Court, where Mr. Nagim had

initiated a state court action raising the same claims that he raised in Case No. 11-cv-

1069 in this Court.   *See Nagim v. Abraham*, No. 11-cv-00731-REB-MEH (D. Colo. May

19, 2011) (case remanded to state court for lack of jurisdictional minimum amount);

*Nagim v. Abraham, et al.*, No. 11-cv-00729-CMA-MEH (D. Colo. Mar. 31, 2011) (case

remanded to state court for lack of requisite jurisdictional amount).   A state court

defendant also removed a case to this court in which Mr. Nagim challenged his

termination from the Suncor Refinery, a business located in the State of Colorado.   *See*

*Nagim v. Walker, et al.*, No. 10-cv-02973-WYD-KLM (Filed Dec. 8, 2010).   Mr. Nagim

most recently filed a motion to dismiss Case No. 10-cv-02973 with prejudice.   *See* Case

No. 10-cv-02973 at Doc. No. 104.   The Court granted the motion.   *Id.* at 105.   Mr. Nagim

then filed a new complaint against Suncor Energy on December 23, 2011, challenging

Suncor's actions against him while he was a contract employee for Suncor.   *See Nagim*

*v. Suncor Energy Corp.*, No. 11-cv-03363 (Filed Dec. 23, 2011).

        At least five of the nine cases Mr. Nagim has initiated in this Court were

improperly before the Court.   A sixth case was dismissed for failure to state a claim and

a seventh was dismissed on summary judgment.   Mr. Nagim also voluntarily dismissed

3

a case only to file a new action that addresses the same issues.  This case further demonstrates Mr. Nagim's continuing abuse of the federal judicial process.

In the instant action, Mr. Nagim asserts defamation and slander claims against Mr. Douglas, who is counsel for one of the defendants in Case No. 09-cv-02428.  Mr. Nagim bases his defamation and slander claims on an email Mr. Douglas sent to him and copied to two other attorneys.  Mr. Douglas and the two other attorneys represented three different defendants in Case No. 09-cv-02428.  In the response to Mr. Nagim, Mr. Douglas requested that Mr. Nagim refrain from sending to him copies of the "cyber-threat" emails he was emailing to one of the other two attorneys.  Mr. Douglas sent the email regarding the alleged cyber threats to Mr. Nagim and copied both the recipient of the alleged cyber threat and the third attorney.

Mr. Nagim asserts that Mr. Douglas has violated Colo. R. Crim. Stat. § 18-13-105, which reads as follows:

> **Criminal libel.** (1) A person who shall knowingly publish or disseminate, either by written instrument, sign, pictures, or the like, any statement or object tending to blacken the memory of one who is dead, or to impeach the honesty, integrity, virtue, or reputation or expose the natural defects of one who is alive, and thereby to expose him to public hatred, contempt, or ridicule, commits criminal libel.
>
> (2) It shall be an affirmative defense that the publication was true, except libels tending to blacken the memory of the dead and libels tending to expose the natural defects fo the living.
>
> (3) Criminal libel is a class 6 felony.

To the extent Mr. Nagim is attempting to file an action against Mr. Douglas based on a violation of a state criminal statute, his claim is frivolous.  Mr. Nagim does not have

4

a private cause of action under § 18-13-105.  *See Hurtado v. Brady*, 165 P.3d 871, 872 (Colo. App. 2007) (If a statute does not provide for a private cause of action no relief is available based on the statute.) (citing *Silverstein v. Sisters of Charity*, 38 Colo. App. 286, 288 (1976).  Section 18-13-105 provides for only criminal penalties and does not include any means or authority for a private cause of action.  Mr. Nagim's claim for relief based on § 18-13-105, therefore, is legally frivolous.

In exercising diversity jurisdiction, the Court applies the substantive law of the forum state.  *See Clark v. State Farm Mut. Auto. Ins. Co.*, 433 F.3d 703, 709 (10th Cir. 2005) (citing *Blanke v. Alexander*, 152 F.3d 1224, 1228 (10th Cir. 1998)).  Under Colorado law, "[d]efamation actions may lie for published or publicly spoken statements, in the forms of defamation by libel or defamation by slander, respectively."  *Denver Publishing Co. v. Bueno,* 54 P.3d 893, 898 (Colo. 2002).  A statement is defamatory if it is false and tends to so harm the reputation of another as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him.  *Burns v. McGraw-Hill Broadcasting Co.,* 659 P.2d 1351, 1357 (Colo.1983).

To prove a claim for relief for defamation under Colorado law, Mr. Nagim must prove by a preponderance of the evidence that (1) a written defamatory statement concerns him; (2) the statement was published to a third party; (3) the publisher's fault amounted to a least negligence; and (4) the statement is actionable or special damages are a result of the publication.  *See Stump v. Gates*, 777 F. Supp. 808, 825 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).  A statement, however, is defamatory *per se* if it accuses the subject, *inter alia*, of a crime or of engaging in conduct "incompatible with his business, trade, profession, or office."  *Denver Publishing Co.*, 54 P.3d at 899 n.

5

9 (quoting Restatement (Second) of Torts § attribute).

"To be [defamatory] *per se*, a statement 'must contain defamatory words specifically directed at the person claiming injury, which words must, on their face, and without the aid of intrinsic proof, be unmistakably recognized as injurious.' " *Stump*, 777 F. Supp. at 826 (quoting *Lininger v. Knight*, 226 P.2d 809, 813 (Colo. 1951)); *Inter-State Detective Bureau v. Denver Post, Inc.*, 484 P.2d 131, 133 (Colo. App. 1971) (for a *per se* defamatory statement the Court must interpret the statement alone "without the aid of inducements, colloquialisms, innuendos, and explanatory circumstances"). Traditionally, *per se* defamatory statements insinuate (1) commission of a criminal offense, (2) a loathsome disease, (3) a matter incompatible with an individual's business, trade, profession, or office, or (4) serious sexual misconduct. *Gordon v. Boyles*, 99 P.3d 75, 79 (Colo. App. 2004) (citations omitted).

First, Mr. Nagim fails to assert a *per se* defamatory statement.  Mr. Nagim does not assert how his original email being characterized as a cyber threat constitutes a crime under Colorado law.  Nor does Mr. Nagim assert how Mr. Douglas's comment regarding cyber threats was incompatible with his business, trade, profession, or office. Mr. Nagim's claims also do not involve a statement of loathsome disease or serious sexual misconduct.

Second, even if Mr. Douglas's comments were defamatory, published to a third party, and negligent, Mr. Nagim fails to assert special damages or set forth an actionable claim.  The opinion of Mr. Douglas that Mr. Nagim is sending cyber threats via email does not carry the meanings which Mr. Nagim attempts to ascribe to it. *See Knapp v. Post Printing & Pub. Co.*, 111 Colo. 492, 498, 500 (Colo. 1943).  A reference

6

to a communication being a cyber threat is more in the "realm of conjecture," and is not actionable *per se. Id.* at 500.

Furthermore, a defamation claim is brought when a listener is not able to evaluate the alleged defamatory language because no basis for the statement has been disclosed. *See Burns v. McGraw-Hill Broadcasting Co.*, 659 P.2d 1351, 1360 (Colo. 1983). Here, both attorneys in receipt of Mr. Douglas's cyber threat comment, and the only third parties to the comment, were able to evaluate the alleged defamatory language based on the original email sent by Mr. Nagim.

Finally, special damages are limited to specific monetary losses that a plaintiff incurs as a result of publication of statements by a defendant and do not include injuries to a reputation or feelings which do not result in a specific monetary loss. *See Lind v. O'Reilly*, 636 P.2d 1319, 1321 (Colo. App. 1981). Mr. Nagim fails to assert any special damages. His request for damages and relief are based on a reverse discrimination theory against Mr. Douglas and the same claims that were addressed and dismissed in Case No. 09-cv-02428-PAB-KMT. Nothing in Mr. Nagim's claim for damages identifies a specific monetary loss due to the cyber threat statement. Nor does the Court find that it is possible for Mr. Nagim to assert a special damages claim based on Mr. Douglas's comments. The Court finds that Mr. Nagim is using this action in retaliation for the judgment against him in Case No. 09-cv-02428-PAB-KMT.

Based on the above findings, the Court will dismiss this action as legally frivolous. The Court also will direct Mr. Nagim to show cause why he should not subjected to filing restrictions as set forth below.

In Case No. 10-cv-00328-PAB-KLM Mr. Nagim was warned that he risked the

7

imposition of filing restrictions or other appropriate sanctions if he persisted in filing duplicative lawsuits in this Court. *See* Case No. 10-cv-00328-PAB-KLM, Doc. No. 80 at 5. The Court finds that this action is a second attempt by Mr. Nagim to attack the defendant in Case No. 09-cv-02428-PAB-KMT.

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam) (quoted in *Sieverding v. Colorado Bar Ass'n,* 469 F.3d 1340, 1343 (10th Cir. 2006)). Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate the activities of abusive litigants by entering orders that are "necessary or appropriate in aid of [the Court's] jurisdiction." *See Winslow v. Hunter (In re Winslow),* 17 F.3d 314, 315 (10th Cir. 1994) (per curiam)*; Tripati,* 878 F.2d at 352. "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances," *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir. 1986), and "where, as here, a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate," *In re Winslow,* 17 F.3d at 315.

The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. *Phillips v. Carey,* 638 F.2d 207, 209 (10th Cir. 1981). These restrictions may be directed to provide limitations or conditions on the filing of future suits. *Id.* Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the

litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented.  *Tripati*, 878 F.2d at 353-54.

While this Court has an obligation to give *pro se* litigants wide latitude, *see Haines,* 404 U.S. 519, the Court cannot accept the filing of repetitious, meritless lawsuits.  The Court, therefore, will direct Mr. Nagim to show cause why he should not be enjoined from filing any future *pro se* actions in this Court that are repetitious and meritless lawsuits and subject to the following filing restrictions. The possible injunction would preclude Mr. Nagim from proceeding as a plaintiff or applicant in an original proceeding unless he is represented by a licensed attorney admitted to practice in this Court or unless he first obtains permission to proceed ***pro se***.  To obtain permission to proceed ***pro se***, Mr. Nagim may be required to take the following steps:

> 1. File a petition with the Clerk of this Court requesting leave to file a pro se appeal or original proceeding;
>
> 2. Include in the petition the following information:
>
>> A. A list of all lawsuits currently pending or filed previously with this Court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each proceeding; and
>>
>> B. A list apprising this Court of all outstanding injunctions or orders limiting Mr. Nagim's access to federal court, including orders and injunctions requiring him to seek leave to file matters ***pro se*** or requiring him to be represented by an attorney, including the name, number, and citation, if applicable, of all such orders or injunctions; and

C. File with the Clerk of the Court a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a short discussion of the legal issues. The affidavit also must certify, to the best of Mr. Nagim's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the action is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation, and that he will comply with all federal and local rules of this Court.

The above described documents shall be submitted to the Clerk of the Court, who shall forward them to the judicial officer designated by the Chief Judge pursuant to D.C.COLO.CivR 8.1C. for review to determine whether to permit a *pro se* proceeding. Without the designated judicial officer's approval the matter will be dismissed. If the designated judicial officer approves the filing an order shall be entered indicating that the case shall proceed in accordance with the Federal Rules of Civil Procedure, and the Local Rules of Practice of the United States District Court for the District of Colorado.

This Court has the power to impose still further sanctions such as costs, attorney fees, and double costs for the filing of frivolous actions, as well as an outright ban on certain proceedings, whether *pro se* or counseled. Fed. R. Civ. P. 11. Although the Court has not imposed such sanctions here, the Court reserves the right to do so if Mr. Nagim's abusive filings continue.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States* , 369 U.S. 438

(1962).  If Mr. Nagim files a notice of appeal he must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and action are dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that Mr. Nagim show cause why the United States District Court for the District of Colorado should not enjoin him from filing any future *pro se* actions in this Court as set forth above.  It is

FURTHER ORDERED that Mr. Nagim shall file a Response to this Order to Show Cause within thirty days of the date of the Order.  It is

FURTHER ORDERED that if Mr. Nagim fails to respond within thirty days an order enjoining him from filing future *pro se* pleadings as described above shall be entered by this Court.

DATED January 13, 2012, at Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court